UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.   CASE NO.: 2:16-cr-67-FtM-38MRM

LOUIS WILLIAM RIMONDI, IV

### **ORDER**[1]

Before the Court is Defendant Louis William Rimondi, IV's Motion to Terminate Supervised Release (Doc. 57), and the Government's response in opposition (Doc. 59).

On March 6, 2017, the Court sentenced Rimondi to 60 months of probation for collecting Social Security disability benefits while being gainfully employed and lying to the agency about his employment. (Doc. 42). While on probation, the Court ordered Rimondi to serve 180 days of home detention, work at least 30 hours per week, and give his probation officer access to financial information. (Doc. 42 at 4). For restitution, the Court ordered him to pay the Social Security Administration $78,218.50 and the Medicare and Medicare Services $19,275.63. (Doc. 42 at 5). Rimondi's supervised release is set to end on March 6, 2022.

Although Rimondi has finished only a little more than half of his probation, he asks the Court to terminate it because he has satisfied all conditions ordered and paid $10,000 toward restitution. (Doc. 57). The Government and United States Probation Office

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink stops working or directs the user to some other site does not affect the opinion of the Court.

oppose ending his probation because Rimondi still owes much restitution and needs supervision to ensure he continues to pay. (Doc. 59).

A court may terminate a term of probation under 18 U.S.C. § 3564(c). That subsection says,

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c). The § 3553(a) factors include the nature and circumstances of the offense and the history and characteristics of the defendant; the need for deterrence, for public protection, and for correctional treatment for the defendant; the advisory guidelines range; the U.S. Sentencing Commission's policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims. 18 U.S.C. § 3553(a).

After considering the § 3553(a) factors against this record, the Court finds early termination of Rimondi's probation to be unwarranted. At the time of sentencing, the Court found a five-term of probation to be sufficient but not greater than necessary sentence to comply with the statutory purposes of sentencing. In again considering the § 3553(a) factors and Rimondi's conduct since sentencing, the Court's decision on the appropriate term of probation remains the same. Rimondi pleaded guilty to stealing almost $100,000 from the Government over almost a decade. And in the two-and-one-half years since sentencing, Rimondi has only paid a fraction of his restitution. The Court thus finds that Rimondi should continue the term of probation imposed at sentencing

because of the seriousness of his offense, to afford adequate deterrence to criminal conduct, and to ensure his continued payment of restitution.

Accordingly, it is

**ORDERED:**

Defendant Louis William Rimondi, IV's Motion to Terminate Supervised Release (Doc. 57) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on this 17th day of October 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record